# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BIGGE CRANE AND RIGGING CO.,**

**Plaintiff,**

**-vs-**                                          **Case No.  6:13-cv-1356-Orl-22DAB**

**SIEMENS ENERGY, INC., et al.,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration following the District Judge's March 17, 2014 referral of several motions (Doc. 62).  Pursuant to the Court's direction (Doc. 63), the parties filed a Joint Status Report (Doc. 69), and the Court heard argument (Doc. 70).  For the reasons that follow, the undersigned finds that: 1) with respect to the claims between Plaintiff Bigge Crane and Rigging Co. ("Bigge") and Defendant Siemens Energy, Inc. ("Siemens"), no case or controversy for this Court is presented, and 2) with respect to claims between Bigge and Defendants Entergy Operations, Inc. and Entergy Arkansas, Inc. (collectively "Entergy"), venue of this matter is more appropriately in the Arkansas District Court, and therefore transfer of the case is warranted.  It is therefore **respectfully recommended** as follows:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS MASTER SERVICES AGREEMENT CLAIMS IN AMENDED COMPLAINT** (Doc. No. 40) |
| **FILED:** | **December 2, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice, to the extent it seeks a ruling on merits, as the Court determines that no case or controversy is presented outside the agreed-to arbitration.

| | |
|---|---|
| **MOTION:** | **CONSENT MOTION TO COMPEL ARBITRATION (Doc. No. 41)** |
| **FILED:** | **December 2, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice, as there is no case or controversy in that Court intervention is not required to implement an undisputed arbitration agreement.

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 42)** |
| **FILED:** | **December 2, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice to consideration by the United States District Court in Arkansas.

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL ARBITRATION (Doc. No. 49)** |
| **FILED:** | **January 13, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice to consideration by the United States District Court in Arkansas.

*Background*

The following pertinent matters are taken from the papers filed by the parties. Plaintiff Bigge is a California corporation with its principal place of business in California. Bigge is in the business of providing crane services and related services. Siemens is a Delaware corporation with its principal place of business in Orlando, Florida. Defendant Entergy Arkansas, Inc. ("EAI") is an Arkansas Corporation with its principal place of business in Arkansas. Defendant Entergy Operations, Inc. ("EOI") is a Delaware Corporation with its principal place of business in Mississippi.

This action arises from a March 31, 2013 incident at Entergy's Arkansas Nuclear One facility ("ANO") during a stator replacement project in which a 500-ton stator being moved fell (the

"Incident"), resulting in personal injury to third parties including one death, as well as damage to the nuclear plant building and equipment in the area.  Entergy (EOI, the operator of the facility, as agent for EAI, the owner) had entered into a contract for the stator replacement with Siemens (the "Alliance Agreement" or "AA"). The Alliance Agreement (Doc. 38-1) provides that:

> [a]ny claim, dispute or controversy arising out of or relating to this Agreement, shall be submitted to binding arbitration by the American Arbitration Association for arbitration in Little Rock, Arkansas in accordance with the Commercial Arbitration Rules then in effect.

(AA ¶ 56.5; *see also* ¶ 56.4 ("binding arbitration . . . shall be the exclusive method of resolving . . . disputes" that cannot be resolved through mediation or negotiation).)

Siemens subcontracted Bigge to perform certain tasks which included moving the stator (the "Master Services Agreement" or "MSA") (Doc. 38-2). There is no arbitration clause in the Master Services Agreement, but there is a dispute resolution clause, which contemplates informal efforts to resolve disputes initially (which "may include use of a mutually agreed alternative dispute resolution mechanism") and, if the parties are unable to resolve the dispute by mutual agreement, any legal action is to be filed in the state or federal courts of Orlando, Florida.[1]

Following the incident, on July 12, 2013, Entergy sued Bigge, Bigge's employee, and others in Arkansas state court, asserting claims for negligence and gross negligence arising out of the collapse.[2] Siemens is not a party to that action, which sounds in tort, not contract. Bigge and its

---

[1]

The Parties shall use all reasonable efforts to amicably resolve disputes arising out of this Agreement or Service Subcontracts and/or Purchase Orders covered under this Agreement, prior to commencing any formal legal proceedings. The dispute resolution process between the Parties shall proceed pursuant to Article 17, in Attachment 2, Exhibit A. Such efforts may include use of a mutually agreed alternative dispute resolution mechanism. Any action or proceeding filed by Contractor against Siemens under this Agreement and Service Subcontracts and/or Purchase Orders covered under this Agreement shall be filed exclusively in the state or federal courts in Orlando, Florida, which shall then have exclusive jurisdiction. Each Party hereby waives its right to a trial by jury in connection with any action or proceeding filed by it or the other Party.

(Doc. 38-2, p. 6). *See also* Doc. 38-2, p. 17 "Dispute Resolution."

[2] *Entergy Arkansas, Inc. and Entergy Operations, Inc. v. Bigge Crane and Rigging Co., Claus Frederiksen, DP Engineering, Ltd., John Scroggins, and VEI General Contractors, Inc.*; In the Circuit Court of Pope County, Arkansas, 4th Division, Case No. CV2013-176.

employee filed a motion to compel arbitration of those claims as against them on November 26, 2013. The state court denied the motion on March 12, 2014.  Bigge filed a notice of appeal of that order, which is pending. According to the Joint Status Report filed by the parties in this case, to date, three additional lawsuits have been filed in the Circuit Court of Pope County, Arkansas, relating to the Incident.[3]

Bigge filed its original Complaint in this case on August 30, 2013, seeking a declaratory judgment regarding the Alliance Agreement and the MSA (Doc. 1).  In essence, Bigge argued that it is a third party beneficiary of the Alliance Agreement insurance provisions, and sought a declaration limiting its liability for the Incident under the AA and MSA.  Entergy moved to dismiss the matter and for the Court to abstain from exercising jurisdiction, contending that Bigge was forum shopping, and "seeking to litigate the exact same issues presently being litigated in Arkansas." (Doc. 25). Alternatively, Entergy sought dismissal for lack of personal jurisdiction and improper venue. *Id.* Siemens moved to dismiss the case, pending arbitration (Doc. 30).  In response to these motions, Bigge filed an Amended Complaint (Doc. 38), which, among other things, includes the following allegation:

> [U]pon review of Siemens' authorities, Bigge agrees with Siemens (1) that Bigge's claims are subject to arbitration because Bigge is a third-party beneficiary of the Entergy-Siemens Contract and also (2) that the question of whether Bigge's claims are arbitrable is a question for the arbitrator, and not this Court, to decide. Bigge intends to join in Siemens' motion to compel Bigge's claims to arbitration and stay the proceeding pending arbitration, and will file a separate document to that effect.

(Doc. 38, ¶2).

---

[3]*See Susan Allen, individually, and as Administratrix of the Estate of Wade Walters, Deceased v. Bigge Power Constructors, Bigge Crane and Rigging Co., Bigge Group, Inc., Siemens Energy, Inc., DP Engineering, Inc., Entergy Arkansas, Inc., Entergy Operations, Inc., VEI General Contractors, Inc., John Doe 1, John Doe 2, John Doe 3;* In Circuit Court of Pope County, Arkansas Civil Division, Case No. CV2013-166 (wrongful death suit); *Jess Clayton v. Bigge Power Constructors, Bigge Crane and Rigging Co., Bigge Group, Inc., Siemens Energy, Inc. DP Engineering, Inc., Entergy Arkansas, Inc., Entergy Operations, Inc., VEI General Contractors, Inc., John Doe, 1, John Doe 2, and John Doe 3*; In Circuit Court of Pope County, Arkansas Civil Division, Case No. CV 2013-269 (personal injury); *Ronnie Francis v. Bigge Power Constructors, Bigge Crane and Rigging Co., Bigge Group, Inc., Siemens Energy, Inc. DP Engineering, Inc., Entergy Arkansas, Inc., Entergy Operations, Inc., VEI General Contractors, Inc., John Doe, 1, John Doe 2, and John Doe 3*; In Circuit Court of Pope County, Arkansas Civil Division, Case No. CV 2013-323 (personal injury).

The instant motions followed.

*Issues and Analysis*

As set forth at hearing and in the papers and responses, the overriding issue presented is where the merits of this litigation should be decided. The quagmire presented is as follows:

Under the forum selection clause in the MSA, Bigge was obliged to institute any suit against Siemens in Florida, although its counsel admitted at hearing that Florida has no real world connection with this dispute and Bigge does not object to transfer of venue to Arkansas. Further, as all parties conceded at hearing, any disputes between Siemens and Entergy with respect to the Alliance Agreement are subject to arbitration, and Siemens and Bigge agree that any claim Bigge has with respect to the Alliance Agreement is required to be arbitrated, as well. In the Agreed Motion and Bigge's response (Doc. 43), Bigge and Siemens agree that, to the extent the claims made by Bigge under the Master Services Agreement implicate Siemens' rights under the Alliance Agreement, they, too, are arbitrable.[4]

For its part, Entergy does not necessarily disagree that arbitration in one forum would be desirable, but notes that the state court recently denied Bigge's attempt to compel arbitration of that tort action. Siemens, who is not a party to Entergy's state court tort action against Bigge and is understandably not eager to litigate against its customer, has not instituted an arbitration against Entergy. Moreover, Entergy insists that only an Arkansas District Court can compel it to arbitrate in Arkansas. Too, although Siemens has moved to compel arbitration of Bigge's claims, it has not instituted any arbitration proceeding against Bigge to date – in Florida, Arkansas, or elsewhere.

---

[4]In the Agreed Motion, Siemens states: "Siemens respectfully asks the Court to issue an order compelling the arbitration of any claim, dispute, or controversy arising out of the Alliance Agreement that implicates, construes, or impacts Siemens' rights under the Alliance Agreement, including but not limited to the claim set forth in Paragraph 48(f) of the Amended Complaint, and to dismiss Bigge's Alliance Agreement claims against Siemens." (Doc. 41, p. 4). Siemens explains: "Bigge's request for a declaration that the Alliance Agreement limits its liability seeks to construe liability limitations in the Alliance Agreement that Siemens negotiated and relied upon. (Am. Compl. ¶ 48(a) – (d), (f).) For example, Bigge asks this Court to enter an order providing that under the Alliance Agreement and Master Services Agreement, Bigge's total liability to Entergy and Siemens for the Accident is limited to $250,000. (Id. ¶ 48(f).) Bigge necessarily seeks to have this Court interpret the Alliance Agreement to make this determination." (Doc. 41, p. 8).

As noted at hearing, while counsel seem to be in agreement that a single resolution of this matter would be beneficial to all concerned in terms of logistics, cost, and finality, it appears that the *business* realities of the dispute have caused counsel to conclude that, to borrow a phrase, "you can't get there from here." The Court finds that Bigge's claims against Siemens are either premature or moot and therefore do not present a case or controversy cognizable in this forum, and Bigge's claims against Entergy should proceed in Arkansas.

*Lack of a case or controversy*

Article III of the Constitution limits the jurisdiction of the federal courts to actual "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. This "requirement subsists through all stages of federal judicial proceedings ...; it is not enough that a dispute was very much alive when suit was filed." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990), *see also Brooks v. Georgia State Bd. Of Elections*, 59 F.3d 1114, 1119 (11th Cir.1995) (case must be viable at all stages of the litigation). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276, 1281 (11th Cir. 2004) (noting that mootness is jurisdictional). Similarly, claims that are premature do not present a ripe "case" for resolution. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Atlanta Gas Light Co. v. FERC*, 140 F.3d 1392, 1404 (11th Cir.1998) (*quoting Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998)).

Applied here, to the extent Bigge presents claims as a purported third party beneficiary of the Alliance Agreement against Siemens, both of these parties agree that those claims are to be arbitrated. While the MSA does not contain an arbitration provision, both Bigge and Siemens agree that, to the extent Bigge's claims under the MSA "implicates, construes, or impacts Siemens' rights under the

Alliance Agreement," that claim, too, is for the arbitrator.[5]   Finally, to the extent there is any ambiguity as to whether any claim under the MSA is a "claim, dispute or controversy arising out of *or relating to* [the Alliance] Agreement," both Bigge and Siemens acknowledge that "the Alliance Agreement clearly and unmistakably vests the arbitrator with exclusive jurisdiction to answer the threshold questions of arbitrability." (Doc. 41, p. 9, citing Am. Compl. ¶ 2.).[6]   Thus, as Bigge and Siemens, who *both* seek arbitration, agree that Bigge's claims are subject to arbitration and agree that "the question of whether Bigge's claims are arbitrable is a question for the arbitrator, and not this Court, to decide" (Doc. 38 ¶2), there is no present case or controversy as between Bigge and Siemens pending before this Court.[7]   The Court **recommends** that this claim be **dismissed as moot.**[8]

*Abstention and Transfer of Venue*

As for the claims against Entergy, as noted by Entergy in its motion (Doc. 42), this lawsuit is the only suit arising out of the Incident that has not been brought in Arkansas.  To the extent the instant claims present Bigge's defenses to the Arkansas litigation, Entergy accuses Bigge of forum

---

[5]The Amended Complaint notes the interrelation of the two contracts, with respect to the project. Bigge alleges that the AA "provides the overarching framework for allocating losses for the Accident" (Am. Compl. ¶ 22), and the Master Services Agreement "was made necessary" by the Alliance Agreement. (*Id.* ¶ 38).

[6]Siemens implicitly acknowledges that the MSA claim(s) "relates to" the AA by noting that "[a]ny arbitration of Bigge's Alliance Agreement claims against Siemens will impact the outcome of litigation over any surviving Master Services Agreement claims." (Doc. 40, p. 10). Thus, even if a MSA claim were to be found non-arbitrable by the arbitrator, its prosecution here at this point in time is necessarily premature.

[7]A court order is not a requirement to initiate an arbitration proceeding between two consenting parties. Moreover, the MSA contemplates that the parties use "all reasonable efforts to amicably resolve disputes," which explicitly includes, as here, a "mutually agreed alternative dispute resolution mechanism." (Doc. 38-2, p. 17).

[8]Although there is a preference in this circuit for district courts to stay arbitrable claims rather than dismiss them, *see e.g.*, *Pilitz v. Bluegreen Corp.*, No. 6:11-cv-388-Orl-19KRS, 2011 WL 3359641, at *7 (M.D. Fla. Aug. 4, 2011); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration"), this assumes that there was a justiciable controversy to begin with – such as a contested motion to compel arbitration. Here, by contrast, the Amended Complaint affirmatively pleads, and Siemens agrees, that only arbitration is appropriate, and the Amended Complaint presents no controversy outside that context sufficient to establish subject matter jurisdiction in this court over any claim against Siemens. In such circumstances, dismissal rather than stay is appropriate. *See MortgageAmerica, Inc. v. Davis*, NO. 2:13-CV-00177-TMP, 2013 WL 1346594 (N.D. Ala. Mar 29, 2013) (where Plaintiff filed action and also moved to compel arbitration of the claims alleged in its own action, and defendant did not oppose the motion, the action is properly dismissed without prejudice, not stayed).

shopping and urges this Court to abstain from exercising jurisdiction over Entergy in this case. *See, generally, Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (applying the abstention doctrine in a declaratory judgment context); and *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005) (listing factors for consideration of application of the doctrine). Entergy also asserts that this Court is without personal jurisdiction over both non-resident Defendants (EOI and EAI).  Further, Entergy urges dismissal of the action against it pursuant to Federal Rule 12(b)(3), because venue is improper.  Upon review, the Court agrees with Entergy that venue is improper here and, absent objection from Bigge, **recommends** transfer of this action to the United States District Court in and for the Eastern District of Arkansas.

> Title 28 U.S.C. § 1391(b) provides:
>
> (b) Venue in general.--A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Bigge contends in its Amended Complaint that venue "is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because 'a substantial part of the events or omissions giving rise to the claim occurred' in Orange County, Florida, which is within this Court's jurisdiction. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(1) or (3) because Siemens resides in Orange County, Florida, as does Entergy for purposes of venue." (Doc. 38, ¶11).

The undisputed facts cannot support a finding that a "substantial" portion of the events giving rise to a claim against Entergy occurred in Orange County, Florida.  The  project was in Arkansas, the parties were in Arkansas, and the Incident occurred in Arkansas.  Indeed, Bigge conceded at

hearing that, other than the forum selection clause in its subcontract with *Siemens*, there is no connection between its claim against Entergy and this Florida forum.

Nor can the Court agree that venue is alternatively proper under 28 U.S.C. § 1391(b)(1) or (3). Neither Entergy Defendant is a resident of the state of Florida, as Bigge concedes in its pleading. *See* Doc. 38,¶¶ 7, 8 ("Defendant Entergy Arkansas, Inc. ("EAI") is an Arkansas Corporation with its principal place of business in Little Rock, Arkansas;" "Defendant Entergy Operations, Inc. ("EOI") is a Delaware Corporation with its principal place of business in Jackson, Mississippi."). Moreover, the availability and suitability of the Eastern District of Arkansas under § 1391(b)(2) preclude application of venue here under subsection three. *Algodonera de las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) (§ 1391(b)(3) is to be applied only when no other subsection of § 1391(b) applies). Bigge appropriately conceded as much at the hearing, in stating that it has no objection to transfer of this action to the Arkansas District Court.[9]  As venue of this claim is not proper in this Court, the issue of abstention should be determined by the appropriate Arkansas court. The issue of lack of personal jurisdiction is mooted, upon transfer.

*Conclusion*

The Amended Complaint presents no case or controversy cognizable in this Court against Siemens and this Court is not the appropriate venue for the claim asserted against Entergy. Consistent with the above, it is **respectfully recommended** that the Court **dismiss** the claim against Siemens,

---

[9] Pursuant to 28 U.S.C.A. §1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." While Entergy prefers dismissal, in view of the history of this and related litigation, the undersigned finds that transfer is in the interests of justice. As the Supreme Court has noted:

> The language of s 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.

*Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962).

without prejudice, and **transfer** the action, to the extent claims against Entergy remain, to the Eastern

District of Arkansas.

Failure to file written objections to the proposed findings and recommendations contained in

this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 23, 2014.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy