IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BIGGE CRANE AND RIGGING CO.                                                         PLAINTIFF

v.                                     No. 4:14-cv-298-DPM

ENTERGY OPERATIONS, INC. and
ENTERGY ARKANSAS, INC.                                                            DEFENDANTS

ORDER

The Entergy defendants own and operate the Arkansas Nuclear One facility in Russellville. Entergy made a contract with Siemens to remove a million-pound turbine from the facility and replace it with another. Siemens, in turn, made a subcontract with Bigge to design and operate the machinery that would hoist that heavy load. While Bigge was moving the turbine, the lifting apparatus broke and the turbine fell to the ground, killing one man, injuring others, and damaging property.

Several lawsuits resulted. One was Entergy's suit against Bigge in the Circuit Court of Pope County, Arkansas. About a month later, Bigge sued Siemens and Entergy in U.S. District Court in Florida. Siemens dropped out of the federal case when it and Bigge agreed to arbitrate their dispute. Siemens's departure rendered venue over Entergy improper; and the federal case was transferred here. Several motions are pending. Bigge has moved to

compel arbitration, for leave to file a second amended complaint, and for leave to correct its proposed second amended complaint. Entergy has moved the Court to abstain in favor of the Arkansas litigation and dismiss. The forum is the fighting issue.

**1. Arbitration.** The first layer of the forum question is whether this Court should compel arbitration. Bigge has already fought and lost on this point in state court. That ruling is on appeal. *Bigge Crane and Rigging v. Entergy Arkansas, Inc.*, No. CV-14-549 (Ark. Filed 20 June 2014). Though conceding that the Circuit Court's arbitration ruling is final, and entitled to preclusive effect, Bigge argues that the landscape could change when the Arkansas Supreme Court decides the appeal. № 90 at 26–27. That's correct, but immaterial on preclusion. The arbitration issue stands decided for now. *John Cheeseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 636–37, 855 S.W.2d 941, 943 (1993). Bigge's motion to compel arbitration is denied without prejudice — as a hedge against exactly what might happen in the state appeal.

**2. Abstention.** The second layer of the forum question is whether the Pope County Circuit Court or this Court should handle the Bigge-Entergy dispute. This case and the state court case arise from the same accident. The

parties are the same. The ultimate issue between the parties is the same—Bigge's liability to Entergy under state law for property damage. And the state court litigation will likely resolve Bigge's claims here. This declaratory judgment case and the state court case are therefore parallel. *Lexington Insurance Co. v. Integrity Land Title, Co.*, 721 F.3d 958, 968 (8th Cir. 2013). Because all Bigge's claims can be fully ventilated in the pending state litigation, and to avoid duplicative proceedings, this Court will abstain and stay this case. *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 289–90 (1995). Dismissal isn't called for. *Royal Indemnity, Co. v. Apex Oil, Co.*, 511 F.3d 788, 797 (8th Cir. 2008).

**3. Amended Complaint.** Bigge has also moved to amend its complaint and to correct its proposed amended complaint with one that omits the John Does and changes a few matters of style. The proposed pleading adds claims of fraud, breach of contract, negligence, and gross negligence. The new claims for damages, the Court concludes, are at least partly designed to make the state and federal cases not parallel, thus tightening the abstention analysis. *Mountain Pure, LLC, v. Turner Holdings, LLC*, 439 F.3d 920, 926–27 (8th Cir. 2006).

The new claims, though, are futile. They all stem from the same alleged conduct: Entergy's failure to buy adequate insurance for the turbine-lifting job. That failure, Bigge alleges, has forced the company to defend itself in state court and to pursue this case. Bigge says, in essence, that it's racking up attorney's fees due to Entergy's wrongful conduct. But attorney's fees are not (absent statute or other rule) recoverable as damages under Arkansas law. *Jean-Pierre v. Plantation Homes of Crittenden County, Inc.*, 350 Ark. 569, 577–78, 89 S.W.3d 337, 342–43 (2002); *Universal Cooperatives, Inc., et al. v. AAC Flying Service, Inc., et al.*, 2012 WL 1019582, at *5, *aff'd*, 710 F.3d 790 (8th Cir. 2013). Bigge cites no Arkansas precedent to the contrary. And in light of *Jean-Pierre*, Bigge's argument that attorney's fees are recoverable as damages under RESTATEMENT (SECOND) OF TORTS § 914(2) is unpersuasive.

Bigge's requests to amend are granted in part and denied in part. If there's anything left to be decided here after the conclusion of the Arkansas litigation, Bigge may file a second amended complaint that omits the John Does and the references to Siemens and that uses different abbreviations for the Entergy defendants. But because Bigge's proposed counts of negligence, gross negligence, breach of contract, and fraud fail to state claims on which

relief can be granted, those claims must be omitted. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008); FED. R. CIV. P. 12(b)(6).

\* \* \*

Motion to compel arbitration, № 95, denied. Motion to abstain, № 82, granted as modified. Motions about the second amended complaint, № 81 & 93, granted in part and denied in part. Bigge's amended pleading is deferred until further Order. Case stayed. The Court will administratively terminate the case on 27 February 2015. Any party may move thereafter to reopen and lift the stay for good cause.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 January 2015